951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Garland JEFFERS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 90-3717.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1991.*
Decided Dec. 19, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On March 18, 1974, Garland Jeffers was indicted for conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846 and for engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. He was tried separately on both charges. A jury found him guilty of the first charge on June 26, 1974, and another jury found him guilty of the second charge on March 26, 1975. This court affirmed the CCE conviction. United States v. Jeffers, 532 F.2d 1101 (7th Cir.1976), aff'd in part and rev'd in part, 432 U.S. 137 (1977).
 
 
 2
 This is Jeffers' fourth petition pursuant to 28 U.S.C. § 2255 challenging his CCE conviction. In this petition (he did not raise this ground for relief in any of his previous habeas petitions), he asserts that he was denied his sixth amendment right to a unanimous verdict. Specifically, he argues that the trial court committed plain error when it failed to instruct the jury that it must be able to unanimously agree on which three acts constituted the CCE predicate offenses. The district court found no basis for relief and denied his petition.[1]
 
 
 3
 Although Jeffers directly appealed his CCE conviction, he did not raise this issue on direct appeal nor did he object to the general unanimity instruction at his trial. A petitioner may not raise claims for the first time in a habeas petition that could have been raised earlier, but were not, unless he can show cause for and prejudice resulting from his failure to raise them. United States v. Frady, 456 U.S. 152, 167-68 (1982). Jeffers argues that it is not necessary for him to show cause and prejudice for his procedural default because the trial court committed plain error in giving its jury instructions. In support of his contention, Jeffers cites to two direct criminal appeals from the Third Circuit which held that a court is required to give a specific unanimity instruction as to the second element (that three acts constitute the predicate offenses) of a CCE offense. United States v. Echeverri, 854 F.2d 638 (3d Cir.1988); United States v. Beros, 833 F.2d 455 (3d Cir.1987).
 
 
 4
 While failure to object to an instruction at trial during a direct criminal appeal may be reviewed under a plain error analysis, see United States v. Cooper, No. 90-1677, slip op. at 9 (7th Cir. September 11, 1991), a petitioner seeking habeas relief may not substitute a plain error argument for a showing of cause and prejudice for his procedural default. Frady, 456 U.S. at 166 n. 15; Brecht v. Abrahamson, No. 91-1835, slip op. at 21 (7th Cir. Sept. 26, 1991) ("blunders that could support reversal as 'plain error' on direct appeal do not support collateral relief"). In any event, we note that the trial court did not commit plain error in giving its jury instructions. This court has recently held that the CCE statute does not require jurors to agree unanimously to the same predicate acts. United States v. Canino, No. 89-1719, slip op. at 33 (7th Cir. Nov. 27, 1991).
 
 
 5
 Jeffers has failed to show cause and prejudice for his procedural default. Therefore, the district court's denial of relief pursuant to 28 U.S.C. § 2255 is AFFIRMED.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The district court stated that it did not "specifically bottom a decision on procedural default" but expressed its "serious reservations" whether Jeffers' petition constituted an abuse of the writ. Neither in its response in the district court nor on appeal has the government argued that this case should be dismissed on the basis of successive petitions. Therefore, the issue is waived. See McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991) ("the government has the burden of pleading abuse of the writ")
 
 
 [2]
 Given our disposition in this case and considering the factors set forth in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981), Jeffers' motion for appointment of counsel is DENIED